UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ERIC JAMES COON and ROBERT J. POWER,<br><br>     Plaintiffs,<br><br>vs.<br><br>JASON RAVENSBORG, Attorney General, in his individual and official capacity, KRISTI NOEM, Governor of South Dakota, in her individual and official capacity, and STATE OF SOUTH DAKOTA,<br><br>     Defendants. | 4:20-CV-04132-KES<br><br><br>1915A SCREENING AND ORDER DISMISSING CASE |

Plaintiffs, Eric James Coon and Robert J. Power, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Coon and Power are inmates at the South Dakota State Penitentiary. A third party paid both plaintiffs' $400 filing fee.

**FACTUAL BACKGROUND**

The facts alleged in Coon and Power's complaint are: Coon and Power have criminal convictions in the state of South Dakota. *See* Docket 1 at 4. Coon and Power are currently serving mandatory life in custody sentences under SDCL § 22-6-1(1). *Id.* They claim that SDCL § 22-6-1(1) and (2) contain "mandatory language and mandates a mandatory sentence." *Id.* at 4, 5. Coon and Power contend that the mandatory sentences under SDCL § 22-6-1(1) and

(2) take away a court's discretion in sentencing a defendant. *Id.* Additionally, it prevents defendants from presenting mitigating factors, witnesses, evidence, evaluations, and presentence investigation reports during the "critical stage" of sentencing. *Id.* They argue that defendants "should be afforded their Constitutional right to defend and pursue leniency and[/]or mercy . . . ." *Id.* Coon and Power claim that SDCL § 22-6-1(1) and (2) are virtually a "death sentence." *Id.* They claim that equal protection and due process are applied at death penalty sentencing hearings, but not at life sentencing hearings. *Id.* at 6. Coon and Power argue that equal protection and due process "should be equally applied to all sentencing phases of any trial in any criminal charge given, from the highest of felonies to the lowest of misdemeanors." *Id.* Plaintiffs claim that SDCL § 22-6-1(1) and (2) violate their due process rights under the Fifth and Fourteenth Amendment and the Equal Protection Clause under the Fourteenth Amendment. *Id.* at 4-6. They request injunctive relief and ask this court to rule that SDCL § 22-6-1(1) and (2) are void and unconstitutional and to apply this holding retroactively.

## LEGAL STANDARD

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir.

1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the complaint's allegations are true[.]" *Twombly*, 550 U.S. at 555; *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "[are] (1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

## DISCUSSION

"[T]o state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show '(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a

3

constitutionally protected federal right.' " *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (quoting *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009)). Coon and Power claim that two subsections of South Dakota criminal statutes, SDCL § 22-6-1(1) and (2), violate their due process rights under the Fifth and Fourteenth Amendments and the Equal Protection Clause under the Fourteenth Amendment. Docket 1 at 4-6. Plaintiffs argue that the statute sets out mandatory sentences, which removes discretion from the courts and prevents defendants from presenting arguments for a lesser sentence. *Id.* Coon and Power ask this court to rule that the statutes, which they were convicted under, are void and unconstitutional. *Id.* at 5, 7. They request this court to apply its ruling retroactively to all convictions under the statutes. *Id.* at 7.

The primary issue raised by Coon and Power's complaint relates to the legality or constitutionality of their current confinement. As the United States Supreme Court has noted, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). Therefore, because Coon and Power are challenging the fact or duration of their confinement and seek to be released from prison, they have failed to state a claim upon which relief may be granted under § 1983. Their sole remedy is a writ of habeas corpus. Thus, it is

ORDERED that Coon and Power's complaint (Docket 1) is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A.

Dated December 1, 2020.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE